STATE OF VERMONT

ENVIRONMENTAL COURT

|                          |     |                        |
|--------------------------|-----|------------------------|
| In re: Appeal of         | }   |                        |
|    Cumberland Farms, Inc. | } | Docket No. 59-4-98  Vtec |
|                          | }   |                        |
|                          | }   |                        |
|                          |     |                        |
| Town of Richmond,        | }   |                        |
|    Plaintiff, | }   |                        |
|                          | }   |                        |
|    v.     | }   | Docket No. 32-2-00 Vtec |
|                          | }   |                        |
| Cumberland Farms, Inc.,  | }   |                        |
|    Defendant. | }   |                        |

DECISION and ORDER

Appellant-Defendant, Cumberland Farms, Inc., appealed in Docket No. 59-4-98 Vtec from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Richmond, upholding the Zoning Administrator's notice of violation. In Docket No. 32-2-00 Vtec, the parties filed an enforcement complaint and answer under V.R.C.P. 8(g), and stipulated to consolidate the two cases and to bring the issues before the Court by summary judgment on an agreed schedule. Appellant-Defendant is represented by David A. Sunshine, Esq.; the Town of Richmond is represented by F. Rendol Barlow, Esq.

The Town's motion for summary judgment and memorandum was filed; Appellant-Defendant's response was not filed. Accordingly, as Question 2 of Appellant's September 21, 1998 statement of questions, relating to the location of the dumpster, was not addressed in the motion for summary judgment it is hereby DISMISSED for lack of prosecution. The remaining issues were raised in the motion for summary judgment and will be addressed by this decision and order.

Appellant-Defendant conducts a retail business which includes gasoline sales at its

1

store located on a corner lot at the intersection of U.S. Route 2 and Bridge Street in Richmond. The property is located in the Village Commercial zoning district. The Town's Zoning Regulations adopted in 1971 were amended generally effective November 5, 1996 and again effective August 2, 1999.

The former gasoline service station at this location was constructed pursuant to a conditional use approval and a variance from the rear setback requirements granted by the ZBA in late 1983. The associated site plan shows a three-foot setback on the west and a two-foot setback on the south. In June, 1985, Appellant-Defendant obtained conditional use approval to convert the service station to a convenience store with gasoline sales, and to erect a canopy. The 1985 approval required Appellant-Defendant to submit a new site plan showing the three-foot setback on the west and the two-foot setback on the south, and showing that the convenience store was to have a brick exterior on all sides. In October 1985, Appellant-Defendant received a building permit to erect a food/fuel convenience store with brick exterior. Neither the ZBA approval nor the building permit was appealed.

Appellant-Defendant filed the required site plan in May of 1986. With respect to signage it showed a freestanding double pole sign with a 4' x 6' sign area plus a 4' x 6' price sign, and also showed a facade-mounted sign over the building's main door approximately 4' x 10' in size. It did not show any signage on or color scheme for the proposed canopy. Considering the surface area on both sides of the pole-mounted sign together with the facade-mounted sign, the signage totaled approximately 136 square feet in area. The site plan showed the building facade to be brick, and showed a sloping visible portion of the roof, about 4' 10" in height, as "hand-split wood shakes." The site plan was accepted as the approved site plan in connection with the 1985 ZBA approval. Thus, the pole-mounted signs plus the 4' x 10' sign area centered over the front door of the building mounted on the sloping roof were approved by the 1985 permit. Because that permit was not appealed, that amount of signage is allowed although it exceeded that allowed under the then-applicable regulations.

As originally constructed by mid-1986, the building facade was brick. However, the building roof was constructed as a flat roof with a visible dark-brown vertical edge

2

approximately the same width as the visible canopy edge. The parties did not provide the canopy width; it appears from the photographs to be approximately 2½ feet in width, by comparison with the known clearance of 12½ feet under the canopy and by comparison with the known 4-foot height of the "Cumberland Farms" portion of the free-standing sign. An approximately 10' long "Cumberland Farms" sign was placed over the door of the building within the roof edging. The canopy over the gas pumps had a solid blue background with white trim. Large white lettering stating "CF" and "Self Serve" was placed within the canopy edging on both the east and the west sides. No enforcement action seems to have been taken at that time regarding the signage placed within the canopy edging or the construction of the flat roof edge of canopy width rather than the wider sloping roof edge with wood shakes.

As of December 20, 1992, Appellant-Defendant had modified the entire roof edging of the building and the entire edging of the canopy, without applying for or receiving zoning approval to make the change. This change modified the canopy edging to its current blue, orange, and white color configuration, changed the "CF" lettering to the word "Gulf," and changed the building roof edging so that it was covered on at least the north, east and west sides with the same blue, orange, and white color configuration as the canopy. Appellant-Defendant uses this or a similar color combination at approximately 97% of its 1004 retail locations.

Outdoor display of retail goods for sale

Neither the motion for summary judgment nor its attached affidavits and documents presents sufficient evidence for the Court to conclude that any specific violation has occurred of the zoning requirements relating to the outdoor display of retail goods for sale. However, the Court finds that Appellee-Defendant does not hold a permit authorizing the outdoor display of retail goods for sale. Any outdoor display of retail goods for sale would constitute a permit violation until or unless authorization for such outdoor display were obtained through an amendment to the conditional use permit. Accordingly, the relief requested in the motion, that Defendant-Appellant be ordered to locate all retail display with the building, is DENIED as MOOT.

3

Areas constituting signs for the purposes of calculating the signage area

The 1971, 1996 and 1999 zoning regulations define "sign" as

any words, lettering, figures, numerals, phrases, sentences, devices, designs, pictures, symbols or trademarks by which anything is made known such as are used to designate a firm, an association, a corporation, a business, a service or a commodity or product, or any type of publicity whether placed on natural objects or on a building, fence or other manmade structure, which are visible from any public road.

Based on this definition, the word "Gulf" on the canopy meets the definition of "sign." The words "Self Serve" on the canopy meet the definition of "sign." The area encompassed by those words does not appear to have received approval in the 1985 permit, and exceeds the area allowed by the 1971 regulations in effect when they were installed. The fact that no enforcement action was sought when the words on the canopy were "CF" and "Self Serve" is not before the Court in the present case.

Similarly, the words "Cumberland Farms" on the building roof edging meet the definition of "sign." They appear to occupy a smaller surface area than that approved in the 1985 permit, and therefore to fall within the approval in that permit.

On the other hand, we do not find that the color scheme employed on the canopy edge and building roof edge falls within the definition of sign. Although it is distinctive, it is not restricted in any way to this corporation. That is, the paint scheme itself, without more, is not a design, picture, symbol or trademark. As with any paint scheme or other facade decoration, it may be regulated under the standards for site plan approval or conditional use approval, but not as constituting a portion of the sign area. As such, we note that the building roof edge was approved in the 1985 permit as a 4' 10" -wide area covered by wood shakes, but that it was installed as a narrower flat roof edge with a vertical band, first dark brown in appearance and now with the blue, orange and white striped surface. If that color scheme and roof edge appearance is a violation of the 1985 approval, however, that violation is not before the Court in either of the present cases.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's

4

motion for summary judgment is GRANTED in PART as follows. The areas on the canopy marked with the word "Gulf" constitute signs under all applicable bylaws, and were installed without required permits and approvals in violation of the applicable zoning bylaws. Those signs shall be removed until or unless Defendant-Appellant applies for and receives an amendment to the conditional use permit allowing such signs. Except that Appellant-Defendant may instead cover those areas of the canopy with an opaque cover while such application is pending before the ZBA. The motion for summary judgment is otherwise DENIED, in particular in that the color scheme alone does not constitute a sign.

This Order concludes Docket No. 59-4-98 Vtec. There is no just reason for delay in the entry of judgment in Docket No. 59-4-98 Vtec; therefore final judgment is hereby entered under V.R.C.P. 54(b) with respect to all issues in Docket No. 59-4-98 Vtec.

The Town also sought certain monetary relief in its enforcement case, Docket No. 32-2-00 Vtec: a penalty award of $100 per day, and attorney's fees. Because only a minor portion of the signage was found to be noncomplying, because no enforcement had been sought of that signage when it was first installed on the canopy until the color scheme change was installed, because the Town did not supply the notice of violation for the Court to determine the compliance date ordered in that notice, and because no party supplied the date at which the available penalty amount changed from $50 per day to $100 per day in the state statute, the Court cannot rule on the remaining relief requested in the enforcement case at this time. Accordingly, on or before October 16, 2000, the parties may file memoranda addressing the monetary requests for relief requested in the enforcement case or stating whether an evidentiary hearing is necessary as to those requests for relief. They may file responsive memoranda on or before October 30, 2000; the Court will hold a telephone conference on November 3, 2000.

Dated at Barre, Vermont, this 2nd day of October, 2000.

_____
Merideth Wright

5

Environmental Judge